UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GAINES LAND GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01636-JRS-TAB |
| | ) |
| CHUCK CALLAHAN FORD, INC., | ) |
| CALLAHAN REALTY CO., INC., | ) |
| CIL, INC., | ) |
| FAMILY FORD, LLC, | ) |
| CB HOLDINGS, LLC, | ) |
| BURD AUTOMOTIVE, INC., | ) |
| I C DELIVERIES CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ON PLAINTIFF'S MOTION FOR BRIEF EXTENSION OF DEADLINE
TO COMPLETE FACT DISCOVERY AND, IN THE ALTERNATIVE,
TO REOPEN LIMITED DISCOVERY**

**I.   Introduction**

Plaintiff Gaines Land Group, LLC moves for an extension or reopening of the period for discovery until April 30, 2024, so that it can take Rule 30(b)(6) depositions of Defendants CB Holdings, LLC, Burd Automotive, Inc., CIL, Inc., Family Ford, LLC, Chuck Callahan Ford, Inc., and Callahan Realty Co., Inc.  [Filing No. 147.]  Gaines argues that Defendants previously agreed these depositions could be taken but are no longer willing to schedule them.  Gaines maintains that good cause exists to extend or reopen discovery on this limited basis.  [Filing No. 147, at ECF p. 1.]  In opposing Gaines' motion, Defendants claim they will be prejudiced if Gaines is given the relief it seeks.  [Filing No. 151.]  For reasons set forth below, Gaines' motion is denied.

## II.     Background

This matter has been pending since August 18, 2022. [Filing No. 1.] Seventeen months later, on January 26, 2024, Gaines' counsel first emailed all counsel for Defendants requesting dates for the Rule 30(b)(6) depositions, just a little over one month before the fact discovery deadline of February 29, 2024. Defendants attempted to provide the earliest possible availability for their respective representatives, but all were unavailable before the fact discovery cutoff, with earliest availability in March. On February 29, 2024 (the fact discovery deadline date), Gaines filed a motion, which was unopposed by all Defendants[1], to extend the discovery period and deadlines for expert witness disclosures and dispositive motions. [Filing No. 140.] On March 7, 2024, the Court denied that motion as not supported by good cause. [Filing No. 142.] The Court further stated that it "has no intention of modifying the Case Management Plan deadlines. This case has been pending since August 18, 2022, and the CMP deadlines have been previously amended." [Filing No. 142, at ECF p. 1.]

Three weeks later, on March 28, 2024, Gaines filed this underlying motion seeking an extension or reopening of discovery until April 30, 2024, to take Rule 30(b)(6) depositions of Defendants' representatives. [Filing No. 147.] As noted above, Defendants oppose the motion, pointing to the Court's March 7 order denying Gaines' motion to extend deadlines and arguing that they would be prejudiced if Gaines is given the relief it seeks now, because Gaines waited three weeks before moving, and its motion does not seek to alter the upcoming May 4, 2024, deadlines for expert disclosures and dispositive motions. [Filing No. 151.]

---

[1] Defendants explain that "out of professional courtesy, all Defendants agreed they would not object to an extension of the fact-discovery deadline until April 15, 2024, provided Plaintiff also sought a thirty-day extension of both the 'non-expert & liability discovery' and dispositive motion deadlines." [Filing No. 151, at ECF p. 4.] In accordance with this arrangement, Gaines filed its unopposed motion.

**III.   Discussion**

The Court's March 7 order unambiguously stated that the Court has no intention of modifying CMP deadlines again in this case.  Gaines' latest motion effectively asks the Court to reconsider its March 7 order.  The Court declines Gaines' invitation to do so.

Moreover, on March 15, 2024, Defendants moved for dismissal, arguing that Gaines is not the proper Plaintiff in this matter and is thus not entitled to recovery from Defendants. [Filing No. 144.]  That motion to dismiss remains pending.  Defendants argue that it would be prejudicial to require them and their respective corporate representatives to prepare for and attend several additional depositions before the Court resolves their motion to dismiss and would waste judicial resources.  [Filing No. 151, at ECF p. 8.]  In addition, Defendants address Gaines' argument that some of the delay was attributable to Defendants' actions in providing over 1,000 pages of additional responsive documents in February 2024.  Defendants argue that Gaines' motion does not explain why it could not have noticed a corporate representative for a deposition prior to the February supplemental production of documents, or why it waited a full year after [Defendant CIL's] initial document exchange to address any concerns with CIL's counsel." [Filing No. 151, at ECF p. 3, n. 4.]

The Court takes no position on the merits of the pending motion to dismiss.  However, Gaines placed itself in this predicament by waiting too long to seek the depositions in question.  While Gaines' present motion provides more factual details than the prior one seeking to extend deadlines, including that some Defendants provided belated supplemental information, Gaines bears the burden of proving its claim and its own actions are to blame for the failure to timely schedule the Rule 30(b)(6) depositions.  *See, e.g., Helping Hands Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018) ("Where the failure to secure discovery is

due to a party's own lack of diligence, the district court can in its discretion hold the party to the consequences of its choice and decide the summary judgment motion."). At this point, the case is moving forward—with a pending motion to dismiss, and an upcoming settlement conference. Thus, Gaines' motion seeking to reopen discovery is denied.

## IV. Conclusion

For these reasons, Gaines' motion for an extension of the deadline to complete fact discovery and, in the alternative, to reopen limited discovery is denied. [Filing No. 147.] This matter remains set for a settlement conference before the undersigned magistrate judge on May 9, 2024.

Date: 4/18/2024

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email